**AMERICAN SAMOA, Plaintiff**

v.

**LEINATI and TULEI of Iliili, Defendants**

No. 2-1950

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

January 16, 1950

A. A. MORROW, *Chief Justice;* TIUMALU, *District Judge;* and APE, *District Judge.*

Heard at Iliili, January 12, 1950.
Leinati and Tulei, *pro se.*

MORROW, *Chief Justice.*

Leinati and Tulei were convicted of trespass in District Court No. 4 and appealed. Upon hearing in the High Court, the judges are convinced from the evidence that they are not guilty beyond a reasonable doubt.

The defendant in a criminal case is aided by the presumption of innocence. "It is a well established principle of the common law . . . that a person accused of crime is presumed to be innocent until he is proved guilty. . . . In a criminal prosecution the state has the burden of establishing all the essential elements of the crime with which the accused is charged and must prove his guilt beyond a reasonable doubt." 20 Am. Jur., Tit. Evidence, Sec. 222.

We have considerable doubt as to the guilt of the defendants. Prosecuting witness Vao and Fao, defendants' matai, own adjoining lands in Iliili. There is a dispute as to the boundary line between the two tracts. Defendants cut down some banana, giant taro and laufala plants growing on what they claim to be Fao land. Vao claims that the plants were cut on his side of the line.

We shall make no attempt to decide who owns the land on which the plants were cut. Suffice it to say that the testimony indicates that defendants may very well have honestly believed that the destroyed plants were on the Fao side of the line and the property of the Fao family. In order to find the defendants guilty of the alleged criminal trespass we should have to believe beyond a reasonable doubt from the evidence that they had a criminal intent. A crime consists of a criminal act and a criminal intent, or *mens rea.* Clark and Marshall, Crimes (4th Ed.), p. 56. If

the defendants honestly believed that they were cutting plants belonging to the Fao family, they did not have the necessary criminal intent to make their act a crime even though they were mistaken. The guilty mind would be lacking. See Id., pp. 83–85.

The evidence is quite contradictory. It may be that the plants were growing on the Vao side of the disputed boundary and were his property. On the other hand, it may be that they were growing on the Fao side and belonged to that family. At any rate we are not convinced from the evidence if they were on the Vao side that the defendants knew it.

We do not believe beyond a reasonable doubt that the defendants had the necessary criminal intent to make their act a crime.

We therefore find them not guilty and discharge them.